THE STATE, DEFENDANT IN ERROR, v. ARTHUR C.
MOUNT, PLAINTIFF IN ERROR.

Argued November 21, 1905—Decided June 18, 1906.

1. On the trial of an indictment, if the defendant offers himself as
   a witness, his conviction of crime may be shown upon his cross-
   examination, for the purpose of affecting his credit, under sec-
   tion 1 of the Evidence act; but further cross-examination, di-
   rected to the particulars of the offence upon which such conviction
   rested, tending to show that the accused would ' be likely to
   commit the crime charged in the pending indictment, is incom-
   petent, and by the admission of such testimony manifest wrong
   and injury is suffered by the accused within the meaning of the
   one hundred and thirty-sixth section of the Criminal Procedure
   act. *Pamph. L.* 1898, *p.* 915.
2. When the accused is entitled to have the jury instructed that the
   right of self-defence may arise from circumstances that justify
   a reasonable apprehension of grave bodily harm, a charge that
   confines such right to the existence of actual peril is an error
   by which manifest wrong and injury is suffered by the accused.

On error to the Supreme Court. The opinion of that court
is reported in 43 *Vroom* 365.

For the plaintiff in error, *Charles T. Cowenhoven* and *Gil-
bert Collins.*

For the defendant in error, *George Berdine,* prosecutor of
the pleas, and *Alan H. Strong.*

The opinion of the court was delivered by

GARRISON, J. This writ of error brings up a judgment of
the Supreme Court affirming a judgment of the Middlesex
Quarter Sessions. The entire record of the proceeding had
upon the trial in the Sessions has been returned, pursuant to
the one hundred and thirty-sixth section of the Criminal Pro-
cedure act. One of the errors now assigned is because "the
Supreme Court decided that the defendant did not suffer
manifest wrong and injury from the admission of certain

questions and answers in the cross-examination of said defendant at the said trial as to the particulars and circumstances of a certain charge of assault and battery for which he had been previously indicted in Ocean county," and because "the Supreme Court decided that it was not erroneous or ground for reversal for the trial court to allow one William Riley to testify as to the circumstances under which he was assaulted by the said defendant."

This ground for reversal was dealt with at length in the opinion delivered in the Supreme Court, in which some, but not all, of the reprobated testimony is cited, and the conclusion reached that "all the questions thus propounded, with the exception of those as to the conviction of the defendant and the identification of the person assaulted, were incompetent, and if objection had been taken should have been overruled." I am inclined to think that in the foregoing excerpt from the opinion, "exception," not "objection," must have been intended, for the transcript of the testimony contains the following language immediately following that quoted in the opinion of the court below, viz.:

"The prosecutor—Is Mr. Riley here? [A man in the audience stands up.]

"Mr. Cowenhoven—I object, if the court please. Are we to try him on what he did to Mr. Riley? The record is he pleaded guilty to assault and battery. What is there about it?

"The court—I suppose they are entitled to show the particulars of the crime of which he was indicted."

The situation, then, was that the defendant, upon cross-examination, was required to testify, and did testify, that he had been convicted upon an indictment for assault and battery in Ocean county. Thus far the cross-examination was proper, for the purpose of affecting the credit of the witness, under the first section of the Criminal Procedure act, as construed by this court in *State* v. *Henson,* 37 *Vroom* 601. After this conviction of crime had been thus shown for the purpose allowed by the statute the accused was submitted, over the objection of his counsel, to further examination as to the bulk of the man he had been convicted of assaulting, and upon

being confronted with the man the attention of the jury was drawn to a scar upon the man's face, and the defendant interrogated as to whether he had not caused that scar, and whether he had not struck the man with a club, and other particulars of the assault, until it was finally elicited from him that he struck the man with his fist with a ring on it. We agree with the learned justice who delivered the opinion of the Supreme Court as to the incompetence of this testimony, but we cannot concur in the view that it could be dealt with only upon a strict bill of exceptions, or that the defendant did not suffer manifest wrong and injury by its admission. Clearly, its effect was to impress upon the minds of the jurors the propensity of the defendant to have recourse to acts of violence, such as that for which he was upon trial, and hence its only bearing upon the pending trial was to lead them the more readily to believe that he had committed the crime for which he was under indictment. The case of *State* v. *Bullock*, 36 *Id.* 557, in this court, is ample authority upon the legally injurious character of such testimony, if any authority is needed upon so elemental a proposition.

Neither are we able to concur in the conclusion reached in the opinion below that the defendant was not legally injured by the admission of the testimony of Riley, the man identified by the defendant on his cross-examination, who was afterward called as a witness to contradict the version of the assault that the defendant had given when re-examined. For the purpose of the trial the defendant was bound by the ruling under which he was subjected to cross-examination as to such of the particulars of his prior conviction as the state chose to inquire into. It was his duty to submit to such ruling and then his right to remove by his own direct testimony the impressions produced by so much of such cross-examination as he deemed injurious to him. This, however, did not open the door to the production by the state of rebuttal testimony as to such prior assault, especially in view of the illicit nature of the cross-examination to which the redirect examination of the defendant was directed. In each of the foregoing respects, therefore, we are of opinion that the defendant suffered mani-

fest wrong and injury. that under the statute must lead to a reversal of the judgment against him.

We also think that the defendant was entitled to have the rule of law touching the right of self-defence charged to the jury substantially as the counsel for defendant requested the trial court to charge it, or at least to have such rule of law charged with substantial accuracy, which was not done. The matter was one upon which admittedly the defendant had the right to have the jury instructed, both with regard to the defendant's reasonable apprehension of imminent personal injury and also in regard to the fact that danger of grave bodily harm stood upon the same plane as danger to life itself. The requests proffered on behalf of the defendant in varying forms presented the appropriate doctrine in each of these respects correctly. In the charge of the court the matter is three times alluded to independently of the defendant's request and once in direct response thereto, but at no time was correct instruction given to the jury. The independent instructions were: "He must show he struck the blow justifiably to save himself from great bodily harm." "Now, I say to you if this man was in such danger of his life or of receiving great bodily harm that it was necessary for him to use it as he did, he would be justified and should not be found guilty." "A man, to defend himself, must be at the time in peril." In each of these instructions all reference to reasonable apprehension is omitted. In response to the defendant's request, the language of the charge was: "The counsel for the defendant has given us written requests to charge. In reply to that, I say I have charged as fully as he desired me to. I have charged if a man thinks he has reason to believe he is in great peril—immediate peril to life, limb or great bodily injury—he has a right to defend himself even to the taking of the life of the man assaulting him; but my direction is that the burden of proof is on the defendant to satisfy you that he was in great peril at the time when he struck the blow." The statement of the trial court as to what he had previously charged the jury was manifestly incorrect in point of fact, and even if this incorrect statement be construed into a recognition of the cor-

rect rule, its effect was immediately destroyed by the next clause, which, beginning with "but my direction is," tended either to indicate a contrary purpose or a purpose to substitute what followed for what had been stated to have been previously charged. What followed was a return to or a reiteration of the instruction that the right of self-defence rested upon actual peril.

Neither singly nor collectively do these instructions correctly charge the legal doctrine of self-defence. For this error, also, the defendant is entitled to a reversal of the conviction shown upon the record of the Supreme Court and of the Middlesex Quarter Sessions.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, HENDRICKSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL.   11.