THE STATE OF NEW JERSEY v. DAVID H. BRAND AND JOHN H. BRAND.

Argued July 15, 1907—Decided June 15, 1908.

Section 128 of the Crimes act (*Pamph. L.* 1898, *p.* 829) denounces two distinct crimes, one the willfully or maliciously setting fire to or burning the insured property with intent to prejudice the underwriter; the other, aiding, counseling, procuring or consenting to the setting fire to or burning of such insured property. An indictment for willfully and maliciously aiding, counseling, procuring and consenting to the setting fire to and burning of certain insured property is sufficient although it fails to allege the commission of the offence which the defendants aided, counseled and abetted; the counseling of such an act is a crime whether or not the act is ever done.

On error to Mercer Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice SWAYZE.

For the plaintiffs in error, *John H. Backes* and *Gilbert Collins.*

For the state, *William J. Crossley,* prosecutor of the pleas, and *William R. Piper,* assistant prosecutor.

The opinion of the court was delivered by

SWAYZE, J. The defendants were indicted for feloniously, willfully and maliciously aiding, counseling, procuring and consenting to the setting fire to and burning of certain property insured by many insurance companies which need not be here particularly set forth. Having been convicted they sued out the present writ of error.

The first objection made is that the indictment charges no crime. The point of the objection is that there is no allegation of the commission of a crime which the defendants aided, counseled and abetted. The assumption of the plaintiff in error is that the defendants are indicted as accessories before the fact, and the argument is that there must have been a guilty principal; the counseled crime must have been effected and the indictment must so charge. The vice of this argument is that it assumes that the defendants are indicted as accessories before the fact. The indictment is for a statutory crime denounced in section 126 of the Crimes act (*Pamph. L.* 1898, *p.* 829), and it follows the language of the statute in this respect. We think that this statute denounces two distinct crimes, one the willfully or maliciously setting fire to or burning the insured property with intent to prejudice the underwriter; the other, aiding, counseling, procuring or consenting to the setting fire to or burning of such insured property. The counseling of such an act may well be a crime whether the act is ever done or not. *R.* v. *Higgins,* 2 *East* 5; *Commonwealth* v. *Flagg,* 135 *Mass.* 545.

Even if the allegation that the defendants did aid, procure and consent to the setting fire to and burning of the property ought to be accompanied by an allegation that such a fire was set, the words "aiding, procuring and consenting" may be rejected as surplusage, and the indictment will still charge the substantive crime of counseling a fire. The record in this case fails to show any motion to quash the indictment as required by section 44 of the Criminal Procedure act. If this had been done the indictment might have been amended in this respect. *State* v. *Kern,* 22 *Vroom* 259; *State* v. *Bartholomew,* 40 *Id.* 160, 162.

The next objection is that the court admitted evidence that David H. Brand & Company brought forty-four suits against various insurance companies, and required David H. Brand to admit that these suit were brought and that they were settled at fifty cents on the dollar. The objection urged is that the evidence did not tend to establish the guilt of the defendants or either of them. We think, however, that the

evidence was relevant for the purpose of proving the allegation of the indictment that the property was insured by the underwriters named and that the burning thereof would prejudice the underwriters. The evidence as to the settlement at fifty cents on the dollar bore upon the question of value of the property destroyed and that value had a clear bearing upon the probability of the defendants' guilt.

· The evidence that one of the bookkeepers had stamped invoices "paid" which were not paid at the time, was admissible as tending to show preparation by the defendants for the fire which occurred. The objection urged to this evidence is that it was remote, but we think it was not so remote as to be irrelevant to the issue to be tried.

We see no objection to the course pursued with reference to the examination of Miss Jamieson. The questions put to her were proper for the purpose of refreshing her recollection as to what she had said at another time or for the purpose of showing that she had made different statements and thus affecting her credibility. So far as they are otherwise irrelevant, the prosecutor was bound by her answers.

The evidence of the chauffeur as to the conversation which he had overheard between David H. Brand and Morris & Greenia, and the evidence as to the business embarrassment of the Brands and the fire at the Warren street store, was also admissible as tending to show preparation for the fire.

The chief difficulty we have had with the case has arisen out of the admission of testimony of William Hartman as to a remark made by Miss Jamieson, one of the bookkeepers, when she opened the outer doors of the safe on the evening after the fire and upon discovering that the key of the inner door was missing exclaimed, "Why, the key is gone. Oh, my God Almighty, someone else has the combination besides me; someone else has been in this safe since I closed it last night at quarter of eleven." Standing by itself, this testimony is hearsay and should not have been admitted. We think, however, upon an examination of Miss Jamieson's testimony that the evidence of Hartman as to her exclamation, erroneous though its admission may have been, was harmless to the de-

fendants.   The object of the testimony was to show a proba-
bility that John H. Brand, the only one of the defendants
who was in this state at the time of the fire, had had access to
the safe from the time that Miss Jamieson closed it the night
before the fire to the time when she opened it in the presence
of Hartman the evening after the fire.   The testimony could
have had no other weight or force than if Miss Jamieson had
testified to the same remarks.   Her testimony in fact as given
upon the witness-stand required the same inference which the
prosecution sought to draw from her remark testified to by
Hartman.   She had testified that no one but herself, David
H. Brand and John H. Brand had the combination of the
safe; that on the Saturday night before the fire, which oc-
curred Sunday morning, she locked the inside door of the safe,
left the key in the safe, locked the outer door and fastened the
combination, and that she did not open it again; that the
key of the inside door was not there when the safe was opened,
and that she was positive she had not taken it away; that
there was $92 in money missing, and that after she opened
the outer door in the presence of Hartman and Monroe she
told them the key was not there.   She said, however, she
thought she did not use the expression, "My God Almighty,
the key is gone."   We think that this testimony is direct evi-
dence of the substance of what the state sought to prove by
the remark testified to by Hartman, and that it differs only
with regard to the particular expression used.   If the testi-
mony of Hartman on this subject could be regarded as cumu-
lative we might be unable to regard it as harmless, but it was
not cumulative but was merely putting in a different form of
expression what Miss Jamieson herself had testified to, and
we think therefore that the error was not of a character to
justify a reversal of the judgment.

The testimony of Anderson as to where and under what cir-
cumstances David H. Brand made the statement of his finan-
cial condition for the mercantile agency, if not properly ad-
mitted in rebuttal, was at any rate harmless.

The exclusion of the question asked of McKeeby on cross-
examination was within the court's discretion.   McKeeby had

already testified that he had been convicted of larceny. The amount of the shortage in his department was one of those details of his crime that are properly excluded.' *State* v. *Mount,* 44 *Vroom* 582.

We find no other errors that seem to require specific mention, and the judgment is affirmed.