WYSS-THALMAN et al. v. MARYLAND CASUALTY CO. OF BALTIMORE.

(Circuit Court of Appeals, Third Circuit. December 12, 1911.)

No. 47 (1,502.)

EXCEPTIONS, BILL OF (§ 38*)—TIME OF ALLOWANCE—EXPIRATION OF TERM.

A bill of exceptions necessary to bring before the court the statutory record, as to which error is assigned, cannot be allowed by the court after the expiration of the term at which the judgment in the case was entered; the court's control over the case not having been extended by statutory rule or special order.

[Ed. Note.—For other cases, see Exceptions, Bill of, Dec. Dig. § 38.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Vincent Wyss-Thalman and another against the Maryland Casualty Company of Baltimore. Judgment for defendant (193 Fed. 55), and plaintiffs bring error. Dismissed.

A. S. Moorhead (Dunn & Moorhead, on the brief), for plaintiffs in error.

William Watson Smith (Gordon & Smith, on the brief), for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. This was a suit in the court below, brought by the plaintiffs in error against the defendant in error, to recover an amount claimed to be due upon a policy of insurance issued by the defendant company to their testator. After the close of the evidence, the court, stating its reasons therefor, instructed the jury to return a verdict for the defendant, and to the judgment entered on that verdict, this writ of error was sued out by the plaintiffs. At the hearing, a motion was submitted to this court by the defendant in error, to dismiss the writ of error, for the following reasons:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(1) Under the act of Congress, the May term of the Circuit Court of the United States for the Western District of Pennsylvania, for the year 1910, began on the second Monday of May, viz., May 9, and ended on the second Monday in November, viz., November 14, 1910. The judgment was entered in this case on October 20th, 1910, during the said May term. On February 1st, 1911, a petition of the plaintiffs for a writ of error was allowed and filed. The bill of exceptions was allowed by the court, February 16th, 1911, and filed February 23d, 1911, that is, during the November term, 1910.

(2) The bill of exceptions in this case was never submitted to counsel for defendant, and until after the same had been allowed and filed, counsel for defendant had neither notice nor knowledge thereof. This is in violation of section 2 of rule 10 of the rules of the Circuit and District Courts of the United States for the Western District of Pennsylvania. The said section of the rule is as follows:

"Sec. 2. Where exceptions have been noted time may be taken to reduce the same to form; but the bill shall be submitted to opposing counsel for inspection before presenting it to the judge for signing· and sealing. If the exceptions are not agreed upon, the same may be presented to the court at a time certain for settlement, upon notice to opposing counsel."

The facts above stated are not disputed, and the question is therefore presented, whether the bill of exceptions necessary to bring before this court the statutory record, as to which error is assigned, could be allowed by the court after the expiration of the term at which the judgment in the case was entered, the court's control over the case not having been extended by standing rule or special order. On reason and authority, we think this question must be answered in the negative.

In Michigan Ins. Bank v. Eldred, 143 U. S. 298, 12 Sup. Ct. 452, 36 L. Ed. 162, Mr. Justice Gray, delivering the opinion of the court, says:

"By the uniform course of decision, no exceptions to rulings at a trial can ·be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end. United States v. Breitling, 20 How. 252 [15 L. Ed. 900]; Muller v. Ehlers, 91 U. S. 249 [23 L. Ed. 319]; Jones v. Grover & Baker Co., 131 U. S. appx. cl [24 L. Ed.·925]; Hunnicutt v. Peyton, 102 U. S. 333 [26 L. Ed. 113]; Davis v. Patrick, 122 U. S. 138 [7 Sup. Ct. 1102,. 30 L. Ed. 1090]; Chateaugay Co., Petitioner, 128 U.. S. 544 [9 Sup. Ct. 150,. 32 L. Ed. 508].

"The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to· them, belongs to the excepting party, and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time,. in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and·

allowed. Hanna v. Maas, 122 U. S. 24 [7 Sup. Ct. 1035, 30 L. Ed. 1117]. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or omitting to record an order of the court might be. In re Wight, 134 U. S. 136 [10 Sup. Ct. 487, 33 L. Ed. 865]."

In Jennings v. Phila., Balt. & Wash. Ry. Co., 218 U. S. 257, 31 Sup. Ct. 2, 54 L. Ed. 1031, Mr. Justice Lurton, delivering the opinion of the Supreme Court, after quoting from the opinion just cited, uses the following language, which is applicable to the contention of the plaintiff in error, in respect to the second reason assigned for the motion to dismiss:

"But it is urged that if the appellee consented that an order might be entered nunc pro tunc, permitting the filing and allowance of a bill of exceptions, such consent should be given the force of an order in term or a rule of court. But if this be granted, the order in this case does not profess to have been founded upon consent. The stipulation recites that the proposed bill was presented to the court 'in the presence of and without objection from counsel for the appellee.'"

The motion to dismiss the writ of error must, therefore, be granted, and it is so ordered.