## COHEN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. August 26, 1922.)

No. 2910.

1. Criminal law ⊙⇒829(16)—Refusal of requested instruction as to credibility of testimony held not error, in view of general charge.

Refusal to charge that the jury could disregard the entire testimony of a witness, when it is palpable that he has intentionally testified falsely as to some material matter and is not corroborated by other credible evidence *held* not error, in view of the portion of the general charge relating to the credibility of witnesses and the weight to be given their testimony; the subject-matter of the requested charge being substantially covered thereby.

2. Criminal law ⊙⇒776(5)—Refusal to charge on evidence of good reputation held ground for reversal.

In prosecution for having possession of stolen goods, knowing them to have been stolen, in violation of Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604), failure of the court to instruct that reputation of defendant's good character, when put in evidence, is a fact to be considered with other facts, and which, when so considered, might, like other facts, generate a reasonable doubt, *held* ground for reversal.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Julius Cohen was convicted of having stolen goods in his possession, knowing them to have been stolen, and he brings error. Judgment reversed, and new trial granted.

Addison P. Rosenkrans and Stein & Stein, all of Paterson, N. J., for plaintiff in error.

Frederic M. P. Pearse, of Newark, N. J., and Walter G. Winne, U. S. Dist. Atty., of Hackensack, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The plaintiff in error, defendant below, and hereinafter so called, is seeking to reverse the judgment of the District Court, entered on the verdict of a jury finding him guilty of having stolen goods in his possession knowing them to have been stolen, in violation of the Act of February 13, 1913 (37 Stat. 670 [Comp.

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

St. §§ 8603, 8604]). All of the 21 assignments of error were abandoned, except the twelfth and fifteenth, which are based upon the refusal of the learned trial judge to charge the following (seventh and tenth) requests:

"(7) If, after having considered all the other evidence in the case, you then consider the evidence of the good reputation of the defendant, and such evidence of good reputation raises a reasonable doubt in your minds, as of the guilt of the defendant, then you must acquit the defendant."

"(10) The court instructs that the jury may disregard the entire testimony of a witness, when it is palpable that he has intentionally testified falsely as to some material matter, and is not corroborated by other credible evidence."

These requests will be considered in reverse order.

[1] At the conclusion of the charge, counsel for the defendant asked the attitude of the learned trial judge on requests from 4 to 10. He replied that:

"The defendant's requests to charge I decline to charge, except in so far as they have been covered in my principal charge. I think I have covered them all."

In his general charge, after expounding the law, he said:

"You, gentlemen, are the sole judges of the facts in this case."

And further on, after discussing the evidence, he said:

"In weighing that testimony, you would consider the manner in which it was given, and the demeanor of the witnesses on the witness stand. The force and weight of their testimony is for you to determine. It is for you to say, after you consider and weigh the evidence as it is given, the credit which you will give to this or that piece of evidence."

[1] The tenth request was simply another way of stating to the jury that it was their province to determine the facts, the credibility of the witnesses, and the weight to be given to their testimony. Hopt v. People of the Territory of Utah, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262; Goldsby v. United States, 160 U. S. 70, 76, 16 Sup. Ct. 216, 40 L. Ed. 343; Sparf & Hansen v. United States, 156 U. S. 51, 101, 15 Sup. Ct. 273, 39 L. Ed. 343; 5 Encyclopedia of United States Supreme Court Reports, 119. What the judge said in his charge substantially covered the request, and he was not compelled to charge it again specifically.

[2] As bearing upon the seventh request, in his charge, the judge said:

"He has shown you the place where he lived at Paterson. You have a photograph of his place of business. You have heard the testimony of the officer of the Hamilton Trust Company with respect to the financial resources of Julius Cohen. You have also heard of the reputation which he bore in the community in which he lived. Those are all the circumstances which you would consider in determining whether he did receive this silk, if it was stolen, knowing that it had been stolen."

We do not think that this instruction adequately covered the law on the subject; but the trial judge, notwithstanding, was justified in refusing to charge the law as stated in the request. Nevertheless the request called for a charge on this point, for obviously the defendant was entitled to have the jury instructed on the nature of the evidence of reputation for good character, the manner in which they

should accept and consider it, and the weight which they might give to it. Ducett v. State, 186 Ala. 34, 36, 65 South. 351; People v. Pekarz, 185 N. Y. 470, 483, 78 N. E. 294; People v. Buccufurri, 158 App. Div. 186, 192, 143 N. Y. Supp. 62; Snitkin v. United States (C. C. A.) 265 Fed. 489. The trial judge was not required to formulate a charge embodying the elaborate discussions upon the subject by reviewing courts—language of a reviewing court and language of a trial court being differently phrased and used for different purposes—but he should have instructed the jury in substance that reputation of the defendant's good character, when put in evidence, is a fact which they should consider with the other facts in the case, and further that reputation for good character is a fact which, when considered in connection with all the other evidence in the case, may, like other facts, generate a reasonable doubt. Edgington v. United States, 164 U. S. 361, 17 Sup. Ct. 72, 41 L. Ed. 467.

As the trial judge failed so to instruct the jury, we think he fell into error, and therefore the judgment of the District Court is reversed, and a new trial granted.