## BERLIN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.
August 26, 1926.)

No. 3390.

**1. Criminal law ⬤═753(2).**

Verdict for defendant may not be directed, unless there is an entire absence of evidence to support the charge.

**2. Post office ⬤═50—Evidence in prosecution for using mails to defraud held to require submission of case to jury.**

In a prosecution for using the mails in execution of a scheme to defraud, where there was evidence that defendant advertised for and received through the mails orders for goods, with checks enclosed, which he cashed, and that in some cases he did not send the goods, and in others sent goods inferior to those advertised, whether the business was intended to defraud was a question for the jury.

**3. Criminal law ⬤═275.**

A plea of nolo contendere has the same effect as a plea of guilty in the criminal case.

**4. Witnesses ⬤═337(5)—Commission of previous crimes admissible to affect defendant's credibility as a witness.**

Under the law of New Jersey, which governs in a federal court in that state, in the absence of a federal rule in the circuit, previous convictions of defendant may be shown to affect his credibility as a witness, but the details may not be inquired into as tending to prove his commission of the crime charged.

**5. Criminal law ⬤═1169(5).**

Positive instruction to the jury to disregard evidence admitted, but later stricken out, *held* to correct error in its admission.

**6. Criminal law ⬤═402(1).**

Admission of copies of letters, originals of which were in court in possession of defendant, or lost, *held* not error.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Criminal prosecution by the United States against Harvey M. Berlin. Judgment of conviction, and defendant brings error. Affirmed.

Herman B. J. Weckstein, of Newark, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The plaintiff in error, hereinafter called defendant, was indicted, tried, and convicted for having used the United States mails to execute a scheme

and artifice to defraud which he had devised in violation of section 215 of the federal Criminal Code (Comp. St. § 10385). He moved for the direction of a verdict at the conclusion of both the government's case and his case, but the motions were denied, and the denial of these motions is the ground on which he bases his right to a reversal. He contends that the government did not produce evidence sufficient to sustain the charges, and therefore it was error to submit the case to the jury. In addition, he contends that the trial judge erred in the admission of testimony and in refusing to charge as requested.

The indictment contained eight counts, but at the end of its case the government abandoned the first, third, sixth, and seventh. This left remaining the second, fourth, fifth, and eighth counts, on which the defendant was convicted and sentenced. The scheme charged in the indictment was that the defendant would organize a company, known as the Montague Company, Inc., which he would control, and through which, for his own personal gain, he would operate and would place advertisements in the Elks Magazine, the American Legion Weekly, and other magazines, periodicals and newspapers circulating throughout the United States, in which it would be represented that the Montague Company was engaged in manufacturing and in dealing at wholesale and retail in all kinds of equipment for police, sheriffs, detectives, penitentiaries, peace officers, and penal institutions generally, in binoculars, field glasses, revolvers, shotguns, rifles, automatic arms and ammunition, for which the public would send mail orders, accompanied by checks in payment thereof, which orders the defendant would in part supply by sending goods inferior in quality to those advertised, and would in part not supply at all, pretending that he was prevented from so doing by some tariff regulation, or some one of various other reasons, though he would cash the checks and retain the money.

[1, 2] The trial judge could not have directed a verdict for the defendant, unless there was the entire absence of evidence to support the charges. Sparf & Hansen v. United States, 156 U. S. 51, 99, 15 S. Ct. 273, 39 L. Ed. 343. The government submitted evidence which tended to establish the scheme alleged. The defendant organized the Montague Company, Inc., caused advertisements to be inserted in many publications, received orders, accompanied by checks which he cashed, and never supplied the goods order-

ed, or supplied goods of an alleged inferior quality. Many who sent in orders lost their money. He used the mails to execute his enterprise. Whether or not he devised a scheme to defraud, or undertook the venture with honest intentions, was a question for the jury.

It is the function of the jury to hear the evidence and find the facts. In doing this, it will consider the intelligence, fairness, interest, or bias of witnesses, and determine the weight to be given to their testimony. Hopt v. State, 110 U. S. 574, 4 S. Ct. 202, 28 L. Ed. 262; Goldsby v. United States, 160 U. S. 70, 76, 16 S. Ct. 216, 40 L. Ed. 343; Cohen v. United States (C. C. A.) 282 F. 871. No fact tried by a jury may be otherwise re-examined in any court of the United States than according to the rules of the common law, and the only methods known to the common law for the re-examination of facts found by a jury are by a new trial, granted by the trial court, or by the award of a venire facias de novo by the appellate court for some error of law. Seventh Amendment to the Constitution of the United States; Martinton v. Fairbanks, 112 U. S. 670, 674, 5 S. Ct. 321, 28 L. Ed. 862. The evidence, if believed, was sufficient to sustain the verdict, which settled the fact. This disposes of the assignments based upon the refusal to direct a verdict. It only remains for us to determine whether or not the learned trial judge committed some error of law in the admission or rejection of evidence, or in his charge to the jury or refusal to charge as requested.

In the admission of evidence, the most serious question arose during the cross-examination of the defendant as to his previous convictions. His cross-examination on this subject was rather exhaustive, and covers many pages in the record. He was required to admit, over objection, that he had pleaded non vult to the charge of issuing a bad check in Hartford, Conn., to the charge of obtaining goods under false pretenses in Philadelphia, and to several charges in Newark, N. J., and was sentenced on these pleas.

[3] The plea of nolo contendere has the same effect as a plea of guilty in the trial of a criminal case. It is a confession only for the purpose of the criminal prosecution, and does not bind the defendant in a civil suit for the same wrong. Wharton's Criminal Pleading, 418; Bishop's Criminal Procedure, 802; Peacock v. Hudson County, 46 N. J. Law, 112; State v. Henson, 66 N. J. Law, 601, 50 A. 468, 616; State v. Duelks,

97 N. J. Law, 43, 116 A. 865; Commonwealth ex rel. District Attorney v. Jackson, 248 Pa. 530, 94 A. 233.

[4] In the case of Mansbach v. United States (C. C. A.) 11 F.(2d) 221, this court summarized the law as follows:

"Error is assigned to rulings of the court in admitting some of this evidence, and particularly to the admission, over objection, of answers to questions concerning the previous criminal record of the defendant. Briefly stated, the applicable law is this: By general rule of law, evidence for the prosecution assailing the character of a defendant in a criminal action is not admissible unless the defendant himself has put his character in issue. The reason for the rule, aside from its obvious fairness, is that previous conviction of a crime wholly independent of the one for which the accused is being tried, even though it be of the same character, does not prove him guilty of the crime charged in the pending indictment. Hence evidence of a previous conviction is not admissible as tending to show that the accused would be likely to commit the crime again. Thompson v. United States, (C. C. A. 3d) 283 F. 895; Guilbeau v. United States (C. C. A. 5th) 288 F. 731; Newman v. United States (C. C. A. 4th) 289 F. 712; Jianole v. United States (C. C. A. 8th) 299 F. 496. To this general rule there are exceptions. One arises under the law of New Jersey, which, in the absence of a federal rule in this circuit, controls. It is that if the defendant offer himself as a witness, his conviction of another crime may, on cross-examination, be shown for the purpose of affecting his credibility as a witness. State v. Hendrick & Stanton, 70 N. J. Law, 41, 45, 56 A. 247; State v. Mount, 73 N. J. Law, 582, 64 A. 124. But here the New Jerssey rule stops, and does not permit the prosecutor to follow up the question and inquire into the details of the first crime for the purpose of proving the commission of the second."

[5] In the case before us, the prosecutor in his cross-examination was allowed, over objection, to go into the criminal record of the defendant in detail, and it may be that he did not stop where the New Jersey rule stops, but was allowed to "inquire into the details of the first crime for the purpose of proving the commission of the second." At least the learned trial judge, after reflection, thought that the cross-examination should not have been allowed, and took particular pains to instruct the jury not to consider that part of the testimony. How careful he

was to instruct the jury absolutely to "disregard all of that evidence" can best be ascertained from his own words:

"Before counsel begin their address to the jury, I want to say I have concluded to strike out from the testimony the evidence which was introduced through the cross-examination of the defendant, with relation to his incarceration in the Hartford jail, I think it was, and also the pleas of non vult that he entered in the court in that state, in Pennsylvania, and in New Jersey. Counsel are to make no reference to that character of testimony before the jury.

"To the jury, I want to say in that connection that you are to disregard all of that evidence. Now, I apprehend it will be a little difficult for you to do that; but I want to emphasize your duty in that respect. Remember that the only evidence that can be considered in the trial of the case is that which the court submits to the jury. During the course of trials it happens at times that some evidence gets in which the court is constrained to rule out, and, when the court rules it out, it is as if it had not been introduced, so I want to emphasize that fact. This defendant is to be tried upon the present charge upon the evidence that I allowed to go to you. So that his previous convictions, so called, on his plea of non vult in these different jurisdictions, which were brought out in the testimony of yesterday, are to be excluded. At the utmost that kind of evidence would only go to affecting the credibility of the witness. It would not be evidence that, having committed one crime, he therefore would have a tendency to commit another one, and particularly this one that is now being inquired into. At the utmost evidence of that kind would be only admissible to affect his credibility, although in testing his credibility you can have that before you, in determining whether a man who was guilty of a crime would be apt to speak falsely when on trial for another crime. It is never evidence, I mean, of this kind of crime; it would not be evidence that he committed this crime. That would be the utmost.

"In this case it is not to be considered even by you in affecting his credibility. I have gone into this at some length for the purpose of emphasizing it and making it clear."

It was the duty of the jury to obey this instruction and disregard the evidence altogether. The record discloses nothing justifying the conclusion that the jury disobeyed the peremptory directions of the court, and we cannot assume that it did. The positive direction to the jury not to consider at all the evidence which had been improperly admitted was equivalent to striking it out of the case. The exception to its admission fell when the error was corrected in language too clear and positive to be misunderstood. In the absence of anything to the contrary, the jury is presumed to have been influenced by legal evidence only. "Any other rule would make it necessary in every trial, where an error in the admission of proof is committed, of which the court becomes aware before the final submission of the case to the jury, to suspend the trial, discharge the jury, and commence anew. A rule of practice leading to such results cannot meet with approval." Under such circumstances, the case stands as though the error had never been committed. Sparf & Hansen v. United States, 156 U. S. 51, 100, 15 S. Ct. 273, 39 L. Ed. 343; Pennsylvania Company v. Roy, 102 U. S. 451, 458, 26 L. Ed. 141.

[6] The assignments based on admissions of evidence relate largely to the admission of copies of letters. It was shown that the originals were in court and in the possession of the defendant. There was no contention that the originals were inadmissible, or that the copies were not exact and absolutely correct reproductions of the originals. There was testimony in other cases that the originals were lost. In other instances the assignments are not based on exceptions taken at the trial and so will not be considered. Wyss-Thalman v. Maryland Casualty Co. of Baltimore, 193 F. 53, 113 C. C. A. 383; Insurance Company v. Folsom, 85 U. S. (18 Wall.) 237, 21 L. Ed. 827; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; O'Connell et al. v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

The other alleged errors relate to the refusal of the learned trial judge to charge as requested, to his modification of the requests submitted, and to the admission of evidence. Some of the requests to charge were substantially covered by the general charge, others were not well founded, and still others, which were charged, were improper in the form submitted, and were modified before being charged.

After carefully considering all the assignments, we are of opinion that the learned trial judge did not commit error, and the judgment is accordingly affirmed.