## UNITED STATES v. 301 CANS ACME MALT EXTRACT.

Claim of GOLDBERG, and nine other claims.

District Court, D. Massachusetts. August 21, 1928.

No. 3872.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

Wm. Scharton and Maurice Palais, both of Boston, Mass., for claimant Blackman.

Albert E. Hughes, of Somerville, Mass., for claimant Solomon.

John H. Higgins, Jr., of Boston, Mass., for claimant Groth.

Hubert A. Murphy, of Boston, Mass., for claimant Waechter.

Abram J. Berkwitz, of Boston, Mass., for claimant Goldberg.

MORTON, District Judge. This is a libel for the forfeiture of 854 cans of malt syrup, 1,083 pounds of sugar and 13½ one-pound packages of yeast, seized under a search warrant at No. 1454 Columbus avenue, Boston. A claim has been filed by Jacob Goldberg, who has answered the libel, denying that any offense was committed, and asserting that the goods were wrongfully taken from his possession. Nine other seizures of similar goods, made at about the same time from other persons, are included in the same libel. Claims have been filed for several lots of the goods, and are by agreement to abide the decision on this claim.

The facts are not in serious controversy. Goldberg ran a shop at the place stated under the name "New England Malt Products Company," where he sold a variety of goods, including malt extract, sugar, hops, bottles, caps, etc. His stock was openly displayed. There was no advertisement of these goods for making alcoholic beverages.

Prohibition detectives who visited the store asked Goldberg if he had anything which would make good beer of high alcoholic content. He told them that it could be done with the malt extract which he sold, if plenty of sugar was used, and he gave orally a recipe for making beer. He did this only in answer to questions by the inspectors, who said that their purpose in buying the malt extract was to make beer with it. In fact, neither inspector intended so to use it, or did so use it. One can which they bought was turned over to a government chemist, who by following directions made beer having about 5 per cent. of alcohol.

Malt extract is a product which has many legitimate uses. A recipe book put in evidence gives more than 100 recipes for its use in various articles of food, including many kinds of bread, cake, desserts, candy, etc. It is said that its use, especially in bread, is widely approved and is increasing. While no doubt a good deal of what is sold goes into illegal beer, a good deal does not. It is by no means an outlaw product, but is one of many common food substances, which can be used to make alcoholic liquor; e. g., sugar, yeast, apples, grapes, etc. The government in effect concedes this, for it makes no effort to distinguish between the malt extract and hops which were seized, and the sugar and yeast, maintaining that under the circumstances shown all are forfeitable.

The statute relied on by the government (National Prohibition Act, § 18) makes it "unlawful to advertise, manufacture, sell, or possess for sale any utensil, contrivance, machine, preparation, compound, tablet, substance, formula, direction, or recipe advertised, designed, or intended for use in the unlawful manufacture of intoxicating liquor." 41 Stat. 313; 27 U. USCA § 30. The word "designed," in this connection, refers, I take it, to things which are planned for the sole, or at least for the dominant, purpose of making intoxicating liquor—things for which any other use would be merely incidental. Upon the evidence, none of the articles here in question are of that character. The stress of the government argument is put upon the word "intended," and it is argued that the sale of malt extract, sugar, or yeast, with notice to the seller that it is to be used in the manufacture of liquor, is not only a crime in itself, but renders forfeitable all his remaining stock of those articles. In U. S. v. Weinstein, 293 F. 388 (C. C.

A. 1st), it was held that the intention in question is that of the seller.

In the present case Goldberg's stock was entirely legal. He was ready to sell his goods to those who wanted to buy them, and he did not concern himself whether his customers bought for legal or illegal purposes. He probably knew that a certain proportion of what he sold was likely to be used in violation of law. There is the possibility that his business was, essentially, purveying to an illicit demand, and its legitimate aspect was merely colorable; but the evidence submitted does not warrant such an extreme finding with respect to a stock of goods, everything in which is readily purchasable in reputable grocery shops, and is in everyday use for legitimate purposes.

The sale of the malt extract under the circumstances stated appears to have been unlawful under National Prohibition Act, § 18. See below. But that is not the present question. The government seeks to forfeit a stock of lawful goods because of the intent with which they were held. A similar situation has arisen with reference to goods adapted both for legitimate use and also for use as parts of stills. And it was explicitly held in Nosowitz v. U. S., 282 F. 575 (C. C. A. 2d), on facts quite as strong for the government as in the present case, that a conviction could not be sustained. "There is no presumption created by the statute which presumes the possession of a vessel that might be used as a still or part of a still to be unlawful. The act of manufacturing [the alleged still] must have coupled with it a specific intent to do the wrong denounced in the statute before the defendants may be said to be guilty. Such intent must be proved as an independent fact, or at least circumstances established from which it would be proper to permit a jury to find such intent. * * * The fact that it was possible to use the vessel as a still, or a part thereof, is not sufficient." Manton, J., 282 F. at page 578. In Rossman v. U. S., 280 F. 950 (C. C. A. 6th) the test is said to be: "The jury could properly find that the defendant was not in possession thereof [alleged parts of stills], and was not offering the same for sale, for such legitimate purposes." Donahue, J., 280 F. at page 953. See, too, U. S. v. 18 Barrels of Alcohol (D. C.) 20 F.(2d) 186.

I am therefore of opinion that, to forfeit an entire stock of lawful goods because of the alleged unlawful intent with which they are possessed, the unlawful in-

tent proved must be as broad as the forfeiture claimed. Whether such intent is established is, of course, a question of fact in each case. In this case, on the facts above stated, it is not.

Judgment for claimants.