## UNITED STATES v. ONE 1942 PONTIAC SEDAN AUTOMOBILE et al.

### No. 403-D.

District Court, E. D. Illinois.

Sept. 19, 1944.

William Hart, U. S. Atty., and Ray Foreman, Asst. U. S. Atty., both of Danville, Ill., for the Government.

Mann & Stifler, of Danville, Ill., for defence.

LINDLEY, District Judge.

The claimant of a Pontiac automobile seized by the Government and sought to be forfeited, moves to dismiss the libel. The Government avers that at the time of seizure, the automobile was being used to carry on the business of retail or wholesale liquor dealer; that the claimant, owner of the car, failed to pay the tax required for carrying on the business of such a dealer and that, by virtue of Section 3253, Title 26 U.S.C.A.Int.Rev. Code, the car was thereby rendered subject to forfeiture at the suit of the United States in accord with the procedure prescribed by Section 3116, Title 26 U.S.C.A. Int.Rev.Code. Claimant insists that the averments do not bring the Government's claims within the cited statutes.

Section 3253 provides that any person who shall carry on the business of wholesale or retail liquor dealer and fails to pay the tax imposed shall be deemed guilty of a crime. Section 3116 makes it unlawful to have or possess any liquor "or property intended for use in violating the provisions of this part, or the internal-revenue laws * * * or which has been so used"; provides that no property rights shall exist in any such liquor or property and makes provision for forfeiture of such liquor and property in accord with existing statutes.

Obviously, Congress intended that one who carries on the business of a retail or wholesale dealer in liquor without having first paid the tax as well as his property used in the business shall be subject to the provisions of Section 3116. That such was the intent is clear from Judge Joyce's analysis and discussion of the history of the legislation, in United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84. It seems equally obvious that if the Government proves its averment that the automobile seized was being used to carry on the business of a liquor dealer without the required tax having been paid, the car comes within the provisions of Section 3116 as property used in violating the provisions of the internal revenue laws. Consequently the automobile is subject to forfeiture as provided in the revenue laws.

True Section 3253 does not specifically provide for the forfeiture of vehicles but Section 3116 does supply the remedy of forfeiture of property used in any violation of the internal revenue laws. The law may be harsh but this is not the first instance of severity in the collection of internal revenue and the enforcement of revenue statutes. Needless to say, any appeal for relief must be addressed to the Congress, not to the judiciary.

It may well be that the vehicle is likewise subject to forfeiture under another section, 3321 of Title 26, which provides that all conveyances used in the removal, deposit or concealment of any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to de-

fraud the United States of such tax, shall be forfeited. I make this suggestion for the reason that it seems clear that the use of an automobile to transport liquor in carrying on the business of a dealer in liquor without having ·paid the tax required of such a dealer is within the contemplation of Congress as expressed in this act. While the tax is not upon the liquor itself, it certainly is levied with respect to liquor. Thus, in United States v. One Ford Coupe Automobile, etc., D.C., 26 F.Supp. 867, 868, the court said: "Under the marihuana statute, a tax is levied upon the transfer of the commodity but not upon the product itself. The question is raised as to whether the statute is broad enough to cover marihuana, in view of that fact. I am of the opinion, however, that in as much as the statute uses the words 'any goods or commodities for or in respect whereof any tax is imposed,' that terminology is broad enough to cover marihuana in a proper case. The tax is certainly imposed in respect to the drug, even if it should not be held to be directly levied on the thing itself." So here, the tax is imposed upon the business of dealing in liquor. One may not legally make sales without first paying the tax, and the assessment is certainly imposed "in respect to" the liquor even though it is not directly levied on the thing itself.

The motion to dismiss is denied.