## SEIB v. UNITED STATES.

### No. 13048.

Circuit Court of Appeals, Eighth Circuit.

July 27, 1945.

J. Grant Frye, of Cape Girardeau, Mo., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal, by an intervener, from a judgment in favor of the United States in forfeiture proceedings instituted by the United States against approximately 1546 wine gallons of spirituous liquors.

The libel against the liquors was presented in two counts. The first count charged that on or about January 11, 1944, certain agents of the Alcohol Tax Unit of the Bureau of Internal Revenue of the United States Treasury Department seized and took into their possession certain described spirituous liquors, which at the time and place (Charleston, Missouri) of seizure were owned and possessed by the appellant; that at the time of the seizure, as well as for a long period of time prior thereto, the said appellant was unlawfully carrying on the business of a wholesale liquor dealer, and that, as such wholesale liquor dealer, he did sell and offer for sale distilled spirits in quantities of five wine gallons or more to the same person at the same time without having paid the special tax for a wholesale liquor dealer, as required by law; and that, by reason of the facts alleged, the described spirituous liquors became forfeited to the United States under the provisions of section 3253 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3253. Count Two of the libel charged that the spirituous liquors described in the first count were at the time of the seizure held and possessed by the appellant with the intention to use the liquors in violating the Internal Revenue Laws of the United States contrary to section 3116 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3116, in the following particulars: (1) That at the time of seizure and for a long time prior thereto, the appellant, at the place of seizure, carried on the business of a wholesale liquor dealer in distilled spirits without having paid the special tax required of such wholesale dealer by the Revenue Laws of the United States; (2) that the appellant failed to keep daily at his place of business a record of distilled spirits received and disposed of by him, and failed to render, under oath, to the District Supervisor of the Alcohol Tax Unit in Kansas City, Missouri, correct transcripts and summaries of such records, as he was required to do under the Internal Revenue Laws of the United States and regulations duly promulgated under the Internal Revenue Laws; and (3) that the appellant further violated the Internal Revenue Laws of the United States and the regulations prescribed thereunder in that at the time of the seizure he was engaged in the business of purchasing for resale at wholesale distilled spirits without having first secured a basic permit for such transactions as required by section 203 of Title 27 of the United States Code Annotated.

For reversal of the judgment of forfeiture the appellant contends that nothing in section 3253 of the Internal Revenue Code, on which the first count of the libel was based, authorizes a forfeiture of liquor to the United States for engaging in business as a wholesale dealer in liquors without having paid the special tax required of wholesalers by section 3250 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3250. With reference to Count Two appellant's position is that the evidence is insufficient to sustain the judgment.

By section 3254 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3254, a wholesale dealer in liquors includes:

" * * * every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors in quantities of five wine-gallons or more to the same person at the same time * * *."

The evidence on behalf of the Government established without contradiction several sales of whiskey made by the appellant, at the place of seizure, of more than five wine-gallons to the same person at the same time. Section 3250 of the Internal Revenue Code requires a wholesale dealer to pay a special tax. The appellant did not pay this special tax. Section 3253 of the Internal Revenue Code on which the first count of the libel is based is as follows:

"Any person who shall carry on the business of a brewer, rectifier, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquors, retail dealer in malt liquors, or manufacturer of stills, and willfully fails to pay the special tax as

required by law, shall, for every such offense, be fined not less than $100 nor more than $5,000 and be imprisoned for not less than thirty days nor more than two years. And all distilled spirits or wines, and all stills or other apparatus, fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or rectifying establishment, or in any building, room, yard, or enclosure connected therewith and used with or constituting a part of the premises, shall be forfeited to the United States."

The section is entitled "Penalties and forfeitures for nonpayment of special tax." Apparently, the appellant interprets the section to authorize only fine and imprisonment for engaging in the business of a wholesale liquor dealer without having paid the special tax on wholesalers, and to provide for forfeitures only of such distilled spirits "fit or intended to be used for the distillation or rectification of spirits" by one engaged as a rectifier without having paid the special tax required of rectifiers. We do not agree with this interpretation. We think the section expresses the intent of Congress to provide for the forfeiture of distilled spirits in the possession of one engaged as a wholesale liquor dealer without having paid the special tax required by the Revenue Laws of the United States, as well as for the forfeiture of such liquors in the hands of rectifiers who have failed to pay the special tax imposed upon them. However, the question of the interpretation of section 3253 is of no importance on this appeal, since the forfeiture in this case is clearly authorized by section 3116 of the Internal Revenue Code under which the second count of the libel was drawn. United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84, 85; United States v. One 1942 Pontiac Sedan Automobile, D.C., 56 F.Supp. 929.

■■■■ Section 3116 of the Internal Revenue Code makes unlawful the possession of any liquor intended for use in violating the provisions of the Internal Revenue Laws or the regulations prescribed under such laws, and provides that the liquors so held shall be forfeited to the United States. The court found on evidence offered by the Government, and not denied, that the appellant had engaged in the business of a wholesale dealer in liquors, that he had violated the Revenue Laws by failing to pay the special tax required of such wholesalers, that he had failed to keep the records and make the reports required by section 2857 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 2857, to be kept and made by wholesalers, that he had failed to comply with the regulations prescribed by the Bureau of Internal Revenue pursuant to the above section, and that he had engaged in the business of purchasing distilled spirits for resale at wholesale without having first obtained a basic permit to engage in such transactions as required by section 203 of Title 27 of the United States Code Annotated, which was enacted for the express purpose, among others, of protecting the Federal revenue with respect to distilled spirits. Appellant's contentions that the evidence is insufficient to show that the liquor seized was the same as that possessed by him at the time of the last sale at wholesale established by the Government, and that there is no evidence to show that his possession of the liquor seized was with intent to violate the Revenue Laws are obvious after-thoughts. The last sale at wholesale established by the Government was on December 24, 1943. The liquor was seized on January 10 and 11, 1944. Although appellant took the stand, he offered no evidence to show that the liquor seized was not in his possession at the time of this sale at wholesale, nor did he deny the sale as established by the Government's proof. His material testimony was limited to the statement that he did not intend to violate the laws of the United States. The District Court was not required to accept the appellant's statement concerning his intentions, in view of the repeated and continued violations of the law which the evidence on behalf of the Government established, nor required to assume, in the absence of any proof to the contrary, that the liquor seized was not the same liquor possessed by appellant at the time of his violations of the law. United States v. 18 Barrels of Alcohol, etc., D.C., 20 F.2d 186; United States v. 301 Cans Acme Malt Extract, D. C., 28 F.2d 213; Flynn v. Crume, 7 Cir., 101 F.2d 661, 664; United States v. Stowell, 133 U.S. 1, 12, 10 S.Ct. 244, 33 L.Ed. 555.

The judgment appealed from is affirmed.