ONE 1941 BUICK SEDAN, MOTOR NUMBER 64286106 et al. v. UNITED STATES.

No. 3359.

Circuit Court of Appeals, Tenth Circuit.

Nov. 12, 1946.

446

Bryant S. Cromer, of Casper, Wyo. (W. J. Wehrli, of Casper, Wyo., on the brief), for appellants.

John C. Pickett, Asst. U. S. Atty., of Cheyenne, Wyo. (Carl L. Sackett, U. S. Atty., of Cheyenne, Wyo., on the brief), for appellee.

Before HUXMAN and MURRAH, Circuit Judges, and BROADDUS, District Judge.

MURRAH, Circuit Judge.

By this libel action the United States seeks the forfeiture of One 1941 Buick Sedan, under Section 3116, Title 26 U.S. C.A. Internal Revenue Code, on the grounds that the owner, John W. Atkins, was carrying on the business of a retail liquor dealer without keeping the books and records required of such dealer by Section 3252, Title 26 U.S.C.A.Int.Rev. Code, and that the said automobile was being used in furtherance of such business.

The owner contends that he was not a retail liquor dealer within the meaning of Section 3252 and consequently was not compelled to keep the books and records required under the statute. In the alternative, he asserts that even if held to be a retail liquor dealer, Section 3252 does not authorize the forfeiture for failure to keep the required books and records. But, even so "wilfulness" is an essential element of the offense charged, and he did not wilfully violate the statute.

From undisputed facts the trial court found that from July 9, 1944 to October 16, 1944, Atkins operated a Non-Commissioned Officers' club under the auspices of the American Legion in the City of Casper, Wyoming. A retail liquor dealer's stamp was issued to the American Legion by the Collector of Internal Revenue for the District of Wyoming, and liquor was sold to the members of the club. As manager and operator of the club, Atkins procured the liquor by purchasing the same in Denver, Colorado and transporting it to Casper, Wyoming in the libeled automobile. During the time Atkins operated the club he failed to keep the books and records required of a retail liquor dealer by Section 3252. Based upon these facts, the

court concluded that Atkins, as manager of the club, was "legally responsible" for complying with the applicable revenue laws and regulations; that he had conducted a "liquor business" without keeping the books and records required by Section 3252, and had used the libeled car in connection with that business. The forfeiture was sustained and Atkins has appealed.

Section 3254(c), Title 26 U.S.C.A.Int. Rev.Code, defines a "Retail dealer in liquor" as "Every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors in less quantities than five wine-gallons to the same person at the same time * * *." Section 3252 requires that "Each retail liquor dealer shall provide at his own expense, and keep in his place of business, a record in book form, or shall keep all invoices of, and bills for, all distilled spirits, wines, and fermented malt liquors received, the quantity thereof, and from whom and the date when received", and it is provided that for each "wilful violation" the retailer shall be subject to a fine of $25.

■ The appellant's contention that he is not a retail liquor dealer within the meaning of the statute appears to be based upon the grounds that he was operating the club under the auspices of the American Legion; that he merely procured the liquor for the consumption of the members and any profit therefrom was returned to the members of the club in other forms of entertainment. Nothing is said in the statute about the type of business in which the liquors are sold, the ownership of the liquor or business, nor is there any limitation upon the words "sells or offers for sale", other than the limitation upon the quantity. Atkins, as operator and manager of the club, having sold spirituous liquors during the period involved was obviously a retail liquor dealer within the meaning of Section 3254(c) and was, therefore, charged with the duty of keeping the records required of such dealer under Section 3252, although he sold the liquor for, or under the auspices of a non-profit club. See United States v. Woods, Fed.Cas.No. 16,759; In re Charge to Grand Jury, D.C., 162 F. 736; United States v. Alexis Club,

D.C., 98 F. 725; United States v. Giller, C.C.Mo., 54 F. 656.

Since such records were required of all retail liquor dealers and appellant has admitted non-compliance with the statute, he was therefore subject to the penalty provided for each "wilful violation" of the statute. He argues, however, that the penalty is a fine of $25 for each violation, not the forfeiture of the property now being libeled, and that the provisions of Section 3116, under which the forfeiture is sought, do not apply to such violation.

Section 3116, 26 U.S.C.A. Int.Rev.Code, makes it unlawful to have or possess any liquor or property intended for use, or used, in violating the provisions of the internal revenue laws or regulations prescribed thereunder, and provides for the seizure and forfeiture of such liquor or property in accordance with the laws relating to seizures and forfeitures of property for violation of the internal revenue laws. Section 3252 is an integral and related part of the internal revenue laws of the United States relating to spirituous liquors, although it is not codified in the chapter on industrial alcohol wherein Section 3116 is found.

■ The trial court was of the opinion that the broad wording of the statute applied to any property which had been used by a liquor dealer in carrying on his business, and that such property was condemnable upon a showing that the dealer violated any of the laws and regulations prescribed by any portion of the Revenue Act, and this view is supported by decisions of other courts holding Section 3116 applicable to violations of the internal revenue laws relating to spirituous liquors. See Seib v. United States, 8 Cir., 150 F.2d 673; United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84; United States v. One 1942 Pontiac Sedan Automobile, D.C., 56 F.Supp. 929. We agree with the trial court that the provisions of Section 3116 have application to any violation of the revenue laws relating to spirituous liquors, and that any property, such as an automobile, used or intended to be used, in such violation is forfeitable thereunder.

But, to constitute a violation of Section 3252 the act done must be "wilful", in the sense of bad purpose. More is required than the mere doing of the act proscribed by the statute. See Screws v. United States, 325 U.S. 91, 101, 65 S.Ct. 1031, 89 L.Ed. 1495; United States v. Illinois Central R. Co., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773; United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Spurr v. United States, 174 U.S. 728, 19 S.Ct. 812, 43 L.Ed. 1150; Potter v. United States, 155 U.S. 438, 15 S.Ct. 144, 39 L.Ed. 214; Felton v. United States, 96 U.S. 699, 24 L.Ed. 875; Hargrove v. United States, 5 Cir., 67 F.2d 820, 90 A. L.R. 1276.

Appellant's admitted non-compliance with the statute is sufficient to create the presumption of "wilfullness", for every person is presumed to intend the necessary and legitimate consequences of his acts. Cleveland v. United States, 10 Cir., 146 F.2d 730; State v. Eye, 161 Kan. 69, 166 P.2d 572; State v. McDanields, 145 Neb. 261, 16 N.W.2d 164; State v. Sauerbry, 233 Iowa 1076, 10 N.W.2d 544; Shackelford v. Commonwealth, 183 Va. 423, 32 S.E.2d 682. But, this presumption, based upon the mere doing of the forbidden act is rebuttable by evidence or attending circumstances showing or tending to show lack of "wilfullness". Hicks v. United States, 150 U.S. 442, 14 S.Ct. 144, 37 L.Ed. 1137; Bentall v. United States, 8 Cir., 262 F. 744; Johnson v. State, Ala.App., 24 So.2d 228.

There is no expressed finding of wilfullness either in the memorandum opinion of the trial court or in the findings of fact, nor do they conclusively establish that essential element in the case. The admitted fact that the business was conducted under the auspices of the American Legion for the benefit of the non-commissioned officers without profit motive on the part of appellant would justify a finding of non-wilfullness, and hence a remission of the forfeiture. Such, however, is the exclusive function of the trial court and the case is therefore reversed and remanded in order that the trial court may proceed accordingly.

Reversed and remanded.