## UNITED STATES v. WINDLE.
### No. 13388.

Circuit Court of Appeals, Eighth Circuit.
Dec. 4, 1946.

William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa (Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, on the brief), for appellant.

Carl H. Lambach, of Davenport, Iowa, for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The United States filed libel for forfeiture of a 1940 Dodge coupe automobile and its contents, consisting of approximately 48 gallons of whiskey, because of the intended use of the automobile and its contents in violation of internal revenue laws relating to selling distilled spirits at wholesale without paying the special tax applicable to a wholesale liquor dealer and without keeping required records. James C. Windle intervened and filed an answer claiming ownership of the seized property. The answer was treated as a motion to dismiss or a demurrer and the case was submitted on the pleadings. The District Court entered an order dismissing the automobile from the libel and ordering its return to intervener, and the United States has appealed.

The libel presents that at the time the automobile and liquor were seized by an agent of the Alcohol Tax Unit they were owned and possessed by Windle, and that he held the liquor in the car with intention to use it in violation of internal revenue laws, contrary to 26 U.S.C.A. Int.Rev.Code, § 3116, and further states that for a long period of time prior to the seizure Windle had been unlawfully carrying on the business of a wholesale liquor dealer and had sold and offered for sale distilled spirits in quantities of five wine gallons or more to the same person at the same time, without paying the special wholesale liquor dealer's tax required by law, and without rendering under oath to the District Supervisor of the Alcohol Tax Unit, correct transcripts and summaries of records required under internal revenue laws and regulations promulgated thereunder.

While the libel states that the distilled spirits were at the time of seizure

being offered for sale in violation of 26 U.S.C.A. Int.Rev.Code, § 3253, it further states that the liquor and automobile became forfeited to the United States under 26 U.S.C.A. Int.Rev.Code, § 3116, and the allegations of the libel are sufficient to invoke the forfeiture provisions of § 3116 if they are applicable to the facts presented. 26 U.S.C.A. Int.Rev.Code, § 3253 provides.

"Penalities and forfeitures for nonpayment of special tax.

"Any person who shall carry on the business of a brewer, rectifier, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquors, retail dealer in malt liquors, or manufacturer of stills, and willfully fails to pay the special tax as required by law, shall, for every such offense, be fined not less than $100 nor more than $5,000 and be imprisoned for not less than thirty days nor more than two years. And all distilled spirits or wines, and all stills or other apparatus, fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or rectifying establishment, or in any building, room, yard, or enclosure connected therewith and used with or constituting a part of the premises, shall be forfeited to the United States. 53 Stat. 391."

26 U.S.C.A. Int.Rev.Code, § 3116 provides:

"Forfeitures and seizures.

"It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. A seach warrant may issue as provided in title XI of the Act of June 15, 1917, 40 Stat. 228 (U.S.C. Title 18, §§ 611–633), for the seizure of such liquor or property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. The seizure and forfeiture of any liquor or property under the provisions of this part, and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws. 53 Stat. 362."

The District Court in dismissing the automobile from the libel and ordering its return to intervener held that 26 U.S.C.A. Int.Rev.Code, § 3253 was a special statute applicable to a particular violation and that since it did not specifically provide for forfeiture of a vehicle used in connection with carrying on the business of wholesale liquor dealer without payment of the special occupational tax required by law, no forfeiture of a vehicle could be based thereon, and that 26 U.S.C.A. Int.Rev.Code, § 3116, was a general statute and was inoperative in connection with a violation contemplated by Sec. 3253.

As the libel was drawn under Section 3116, the sole question is whether the District Court erred in holding that the general provisions of Section 3116 were inapplicable to the facts of the case.

We have recognized the applicability of 26 U.S.C.A. Int.Rev.Code, § 3116 in the case of a forfeiture of liquor found in possession of one engaged as a wholesale liquor dealer without having paid the special tax. In Seib v. United States, 8 Cir., 150 F.2d 673, 675, one count was based on 26 U.S.C.A. Int.Rev.Code, § 3253 and one count was drawn under Sec. 3116. Intervener therein contended that Sec. 3253 did not authorize forfeiture of liquor found in possession of one unlawfully engaged as a wholesale liquor dealer without having paid the applicable special tax. In disposing of this contention we said:

"We think the section [Sec. 3253] expresses the intent of Congress to provide for the forfeiture of distilled spirits in the possession of one engaged as a wholesale liquor dealer without having paid the special tax required by the Revenue Laws of the United States, as well as for the forfeiture of such liquors in the hands of rectifiers who have failed to pay the special tax im-

posed upon them. However, the question of the interpretation of section 3253 is of no importance on this appeal, since the forfeiture in this case is clearly authorized by section 3116 of the Internal Revenue Code under which the second count of the libel was drawn. United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84, 85; United States v. One 1942 Pontiac Sedan Automobile, D.C., 56 F.Supp. 929."

In the recent case of Kent v. United States, 157 F.2d 1, the Circuit Court of Appeals for the Fifth Circuit sustained a judgment of forfeiture of a truck which had been libelled under § 3116 for forfeiture because of intended use in violation of revenue laws relating to selling liquor at wholesale without registering, paying special tax and keeping required records, although there, as here, actual wholesale lot transactions had previously been made, and the government contended that the transaction in progress at the time of the seizure was similar. It does not appear, however, that the precise question whether § 3116 may be applied where facts bring the case within the prohibition of the specific provisions of § 3253 was called to the attention of the court in either the Seib or Kent case.

■ We recognize the rule that generally special terms of a statute prevail over general terms in the same or another statute which might otherwise control. MacEvoy v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; Robinson v. United States, 8 Cir., 142 F.2d 431. But the purpose of this rule is to give effect to presumed intention of the law making body. The primary rule of statutory construction requires us to ascertain and give effect to the legislative intention, Flippin v. United States, 8 Cir., 121 F.2d 742; United States v. Hartwell, 73 U.S. 385, 18 L.Ed. 830, and we construe § 3116 in this light. The legislative history of Sec. 3116 is succinctly analyzed in United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84.

■ It is clear that Congress, in enacting § 3116, intended to aid enforcement of revenue laws relating to intoxicating liquors by providing for forfeiture in any case of intended violation of those laws. A construction of § 3116 which would preclude its application to a case in which some other forfeiture provision might conceivably be invoked would tend to nullify its effectiveness as a revenue enforcing measure and would thwart the clearly disclosed purpose of Congress in enacting it.

■ While § 3253 contains criminal sanctions as well as remedial provisions, § 3116 is wholly preventive and remedial and is not in any sense a criminal statute. Kent v. United States, supra.

■ As stated by the Supreme Court in a forfeiture case, In re Cliquot's Champagne, 70 U.S. 114, loc. cit. 145, 18 L.Ed. 116, "Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in their character, and intended to prevent fraud, suppress public wrong, and promote the public good. They should be so construed as to carry out the intention of the legislature in passing them and most effectually accomplish these objects."

■ Section 3116 authorizes forfeiture on proof merely of intent to commit a crime and although commission of that crime is not required to be proved, perhaps the most probative evidence of that intent lies in proof of actual commission of the offense. But the proof authorizing forfeiture under § 3116 would not necessarily be sufficient to invoke the sanctions of § 3253. There is no apparent contradiction between § 3116 and § 3253, and the construction we place on § 3116 gives effect to the intent of Congress to fortify and implement forfeiture provisions.

■ The rule that the law looks with disfavor on forfeitures cannot be invoked to prevent a forfeiture provided by Congress to assist in the enforcement of the internal revenue laws. "Statutes to prevent fraud on the revenue are construed less narrowly, even though a forfeiture results, than penal statutes and others involving forfeitures." United States v. Ryan, 284 U.S. 167, 172, 52 S.Ct. 65, 67, 76 L.Ed. 224.

As stated in United States v. One 1942 Pontiac Sedan Automobile, D.C., 56 F.Supp. 929: "True Section 3253 does not specifically provide for the forfeiture of vehicles

but Section 3116 does supply the remedy of forfeiture of property used in any violation of the internal revenue laws. The law may be harsh but this is not the first instance of severity in the collection of internal revenue and the enforcement of revenue statutes. Needless to say, any appeal for relief must be addressed to the Congress, not to the judiciary."

We hold that a vehicle used with intent to carry on the business of a wholesale liquor dealer without paying required tax and keeping proper records is subject to forfeiture under 26 U.S.C.A. Int.Rev. Code, § 3116, even though the dealer may also be operating in violation and subject to the sanctions of 26 U.S.C.A. Int. Rev. Code, § 3253.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.