**UNITED STATES v. ONE 1940 DODGE TRUCK, MOTOR NO. 1203–5772.**

No. 12028.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1947.

212

Leavenworth Colby, of Washington, D. C., H. W. Moursund, U. S. Atty., of San Antonio, Tex., and Holvey Williams and Frank H. Hunter, Asst. U. S. Attys., both of El Paso, Tex., for appellant.

George Rodriguez and W. O. Hamilton, both of El Paso, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment directing the return to the claimant of a 1940-Dodge truck, which is sought to be forfeited under the Espionage Act of 1917, as amended, 22 U.S.C.A. § 401 et seq., and the Export Control Act of 1940, as amended, 50 U.S.C.A. Appendix, § 701 et seq.

The libel charged that the truck was being, and was intended to be, taken out of the United States in violation of law, and with the intent on the part of Jose Rubio Lopez and Francisco Rodriguez that the same should be exported in violation of law. On the trial below, it was stipulated that "on July 14, 1945, one Jose Rubio Lopez and Francisco Rodriguez, of Juarez, Mexico, arrived at the Stanton Street bridge in El Paso in said automobile, departing for Mexico, and there was no export license issued to take said truck out of the United States at that time."

Section 401 of Title 22 of the United States Code provides for the seizure of "any articles * * * about to be exported or shipped from, or taken out of the United States, in violation of law." It further provides that if upon due inquiry "the property seized shall appear to have been about to be so unlawfully exported," the same shall be forfeited to the United States.

The general purpose of the statutes here involved was to prevent motor vehicles and other necessary articles from leaving the country, in order to protect and strengthen the national economy in time of war. The seizure was prior to the cessation of hostilities. These statutes, like those sought to prevent fraud upon the national revenue, should be reasonably construed so as to carry out the legislative intention to that end. United States v. Stowell, 133 U. S. 1, 12, 10 S.Ct. 244, 33 L.Ed. 555; United States v. 21 Pounds, 8 Ounces of Platinum, 4 Cir., 147 F.2d 78. The truck itself was the offender and was subject to forfeiture when apprehended at the international boundary departing for Mexico without an export license authorizing such departure. The lack of participation on the part of the registered owner is immaterial. Grant–Goldsmith Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. Mincey, 5 Cir., 254 Fed. 287. The claimant operated a filling station and beer parlor, and had bought the truck only a few days before the effort was made to export it by said Lopez, to whom it had been lent by the owner.

The judgment is reversed, and the cause remanded with instructions that the article be condemned and forfeited to the United States.

Reversed.