**UNITED STATES v. ONE 1941 BUICK COACH AUTOMOBILE.**

**Civ. A. No. 831.**

United States District Court
S. D. Alabama, Southern Division.

July 1, 1949.

---

William H. Cowan, Assistant United States Attorney, Mobile, Alabama, for libellant.

Johnston, McCall & Johnston, Mobile, Alabama, for Robert E. Hoskins.

McDUFFIE, District Judge.

### Findings of Fact.

Robert E. Hoskins, the claimant, rented a room at 254 N. Franklin Street, in the City of Mobile, Alabama, and regularly ate his meals at the Twilight Cafe, located at the corner of Davis Avenue and Clay Street, approximately twelve blocks from his rooming house. On the afternoon of January 13, 1949, Hoskins was approached by an unidentified white man, who engaged him to deliver three gallons of "moonshine" whiskey on which the revenue tax had not been paid. Hoskins agreed to meet the white man later in the evening in the vicinity of the Twilight Cafe and make delivery of this whiskey. Hoskins was driving the Buick automobile in issue and en route to the agreed meeting place, he picked up an acquaintance, one Ben Love, who rode with him to the Twilight Cafe, where Love got out of the automobile, went into the cafe, and ate his evening meal. Hoskins drove up Clay Street about one block from the cafe, parked the Buick automobile, and then walked back to Davis Avenue, where, as pre-arranged, he met the person who had engaged him to deliver the non-tax-paid whiskey. He entered this party's automobile and went with him to Hickory Street, in another section of Mobile, where they obtained three gallons of whiskey on which the Internal Revenue tax had not been paid, and the two then returned to the vicinity of Davis Avenue and Clay Street, where Hoskins got out of this vehicle, with the whiskey, went into a house on Clay Street approximately one-half block from where Hoskins had parked the Buick automobile, and was making delivery of the whiskey when he was arrested. There is no evidence of any distilled spirits having been in the Buick automobile, although Hoskins told one of the officers that he drove the automobile to Davis Avenue and Clay Street where he would have it to drive home.

The officers demanded and received from Hoskins the keys to his Buick automobile and were directed by Hoskins to the place on Clay Street where the Buick was parked. Ben Love was sitting in the front seat of the automobile when the officers arrived with Hoskins under arrest. The Buick automobile was seized and Hoskins was placed in jail. On this occasion, Hoskins did not eat his evening meal at the Twilight Cafe, as was his custom. The officers examined the glove compartment of the Buick automobile and found two or three wooden stoppers customarily used in wooden kegs.

On the following day the officers obtained a search warrant and searched the room occupied by Hoskins at 254 N. Franklin Street and found thirty-two and one-half gallons of whiskey, some of which was in kegs and some in one-gallon glass jugs, which Hoskins admitted owning. The stoppers found in Hoskins' car were of the same size used in the kegs of whiskey found in his room and the one-gallon glass jugs found in his room were identically the same kind as those seized the night before.

Hoskins is and was a known violator of the Internal Revenue laws relating to whiskey, having both record and reputation. He was convicted in this court as late as 1944 for possession of a quantity of non-tax-paid whiskey with which he was arrested while attempting to deliver it at the same house on Clay Street where he was arrested on this occasion when the Buick automobile was seized

Conclusions of Law

■ 1. The evidence does not support the libellant's contention that this Buick automobile was used directly in the removal, deposit or concealment of distilled spirits on which a tax imposed by the laws of the United States had not been paid, as alleged in the forth paragraph of the libel, and this automobile cannot be forfeited under the provisions of 26 U.S.C.A. § 3321.

■ 2. Robert E. Hoskins used the Buick automobile in question as a means of transportation for himself in travelling from his rooming house, a distance of approximately twelve blocks, to and from the place where he intended to, and as a matter of fact did, violate 26 U.S.C.A. § 2803, in that he possessed three gallons of distilled spirits, the immediate containers of which did not have affixed thereto a stamp denoting the quantity of said distilled spirits contained therein and evidencing payment of all of the Internal Revenue taxes imposed on said spirits. This was the primary purpose of the trip and in carrying out this purpose, Hoskins' movements were facilitated by use of the Buick automobile. That he intended to eat his evening meal at a cafe after making delivery of the whiskey is of no consequence.

3. Such use of the Buick automobile as set forth above was in violation of the Internal Revenue laws and subjected it to forfeiture under the provisions of 26 U.S. C.A. § 3116. United States v. Windle, 8 Cir., 158 F.2d 196; One 1941 Buick Sedan, Motor Number 64286106, et al., v. United States, 10 Cir., 158 F.2d 445; Kent v. United States, 5 Cir., 157 F.2d 1. This statute provides for forfeiture of all property and in all cases where the evidence supports the conclusion that such property is used or intended to be used in violation of the Internal Revenue laws. It is all inclusive. No exception is made in the kind of property included therein nor is there any limitation placed on the manner of the use. Of course, there must be some use, or intention on the part of someone having the property under control to use it, in violation of one of the Internal Revenue laws. It is unnecessary to catalogue or detail the numerous ways and means an automobile or other property may be used or intended to be used in or about a violation of these laws and be subjected to forfeiture. That it was the intent of Congress to subject any property used or intended to be used in violation of the Internal Revenue laws to forfeiture appears clear from the wording of 26 U.S.C.A. § 3116, and the review of the legislative history thereof presented in Judge Joyce's analysis and discussion in the case of United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84. See also United States v. One 1942 Pontiac Sedan Automobile, et al., D.C., 56 F.Supp. 929.

4. The claimant is not entitled to a remission of the forfeiture of this Buick automobile, but the same should be condemned and forfeited to the United States of America.

An order is being entered in accordance with the Findings of Fact and Conclusions of Law herein made.