UNITED STATES v. PLYMOUTH COUPE (1941) SERIAL NUMBER 15051526, etc.

Civ. A. No. 7224.

United States District Court
W. D. Pennsylvania.
Jan. 25, 1950.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Francis Taptich, Pittsburgh, Pa., Martin Cusick, Sharon, Pa., for defendant.

GOURLEY, District Judge.

The United States of America, pursuant to the provisions of 26 U.S.C.A. § 3116, instituted a libel proceeding against a 1941 Plymouth Coupe automobile, Serial No. 15051526.

It is alleged that said motor vehicle was used by one Rocco DeBonis in violation of the Internal Revenue laws, with intent to defraud the United States of America.

Rocco DeBonis entered a plea of nolo contendere at Criminal Action No. E-4944 to a charge of conspiracy to violate the Internal Revenue laws. 18 U.S.C.A. § 88 [revised § 371].

The plea of nolo contendere entered by Rocco DeBonis cannot be considered in disposing of the issues. Such a plea has the same effect as a plea of guilty as it relates only to the criminal case. It is a confession only for the purpose of the criminal prosecution and does not bind the defendant in a civil action for the same wrong. Berlin v. United States, 3 Cir., 14 F.2d 497; United States v. Toner et al., D.C., 77 F.Supp. 908.

The motor vehicle was used by Rocco DeBonis to transport ingredients and materials that were necessary for the manufacture and production of the alcoholic beverages. This activity occurred at one time or the other during the period from October 1, 1947 to February 12, 1948.

During this time Amelia Theresa Vince, a daughter, was the owner of the motor vehicle. Title was held from November, 1944 until April, 1948. Title was transferred to Anthony DeBonis in April of 1948. He was the owner when the car was seized by Federal Revenue Agents on May 19, 1948, and he is the present owner and claimant.

Amelia Theresa Vince or Anthony DeBonis were not interested, directly or indirectly, in the activities of Rocco DeBonis or the unlawful operation. Amelia Theresa Vince contends she had no knowledge as to the uses made of the car. Anthony DeBonis claims to be the purchaser of the car in good faith.

The motor vehicle was seized on premises occupied by Rocco DeBonis and at that time it was not being used for any unlawful purpose. No legal process had been issued which authorized the seizure. The government agents knew of the car's whereabouts through investigation of the activities of Rocco DeBonis.

26 U.S.C.A. § 3116 provides, inter alia, for the forfeiture of property where it is used or maintained to be used in violation of the Internal Revenue laws. It is all inclusive. No exception is made in the kind of property included therein nor is there any limitation placed on the manner of the use. It is unnecessary to catalogue or detail the numerous ways and means an automobile or other property may be used or intended to be used in or about a violation of these laws and be subjected to forfeiture. United States v. One 1941 Buick Coach Automobile, D.C., 85 F.Supp. 402.

■ That it was the intent of Congress to subject any property used or intended to be used in violation of the Internal Revenue laws to forfeiture, appears clear from the wording of 26 U.S.C.A. § 3116. United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84; United States v. One Pontiac Sedan Automobile et al., D.C., 56 F.Supp. 929; United States v. Windle, 8 Cir., 158 F.2d 196; One 1941 Buick Sedan et al. v. United States, 10 Cir., 158 F.2d 445; Kent v. United States, 5 Cir., 157 F.2d 1.

■ The statute dealing with forfeitures and seizures of property used or intended for use in violating the Internal Revenue laws was intended to aid enforcement of revenue laws relating to distilled spirits by providing for forfeiture in any case of violation of those laws. The statute relating to forfeiture is wholly preventive and remedial, and is not a criminal statute.

Therefore, it should not be construed with great strictness in favor of one seeking to avoid forfeiture of property thereunder. United States v. Windle, supra.

■ Where federal officers improperly obtain evidence through an illegal search or seizure, it cannot be used in a criminal proceeding. However, the United States may adopt the illegal seizure for the purposes of property forfeiture obtained by such seizure, with the same effect as if it had been originally seized through duly constituted authority. United States v. Eight Boxes, etc., 2 Cir., 105 F.2d 896; Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392; United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; United States v. Dodge Truck, D.C., 23 F.Supp. 582.

■ I, therefore, conclude that any illegality in the act of seizure by the Revenue Agent would not defeat forfeiture.

■ The burden of proof is upon the government to show the existence of every fact which is an element of a proceeding for forfeiture as alleged in the information of the libel, Therefore, it is encumbent upon the government in the instant case to affirmatively show that the motor vehicle seized was used in violation of the Internal Revenue laws or regulations prescribed under such laws. United States v. 673 Cases of Distilled Spirits and Wines, D.C., 74 F.Supp. 622.

■ The burden of proof resting on the government is satisfied by proof which establishes the necessary elements by a reasonable preponderance of the evidence. It is not necessary for the government, since a forfeiture proceeding is not a criminal action, to establish the allegations in the libel beyond a reasonable doubt. United States v. Regan, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494; United States v. 673 Cases of Distilled Spirits and Wines, supra.

■ Even if Rocco DeBonis, who had used the motor vehicle, had been acquitted of the offense charged by the government, such fact would not bar the libel proceedings against the automobile alleged to have been used in violation of the Internal Rev-

enue laws where the claimant of the automobile in the libel proceedings was not a party to the criminal prosecution. United States v. One 1935 Pontiac Model Sedan Automobile, 6 Cir., 105 F.2d 149; United States v. One Dodge Sedan, 3 Cir., 113 F. 2d 552.

If the motor vehicle had been owned by Rocco DeBonis, there would be no question about the duty which rests on the court to declare a forfeiture.

Anthony DeBonis, who is contesting the forfeiture, persists:

(a) That he had acquired the title to the vehicle in good faith in April of 1948, and that he had no knowledge or any reason to believe that the vehicle had been used in violation of the Internal Revenue laws.

(b) During the period in which Rocco DeBonis engaged in his illegal activities, the car was owned by Amelia Theresa Vince, title having been held by her from November of 1944 to April of 1948.

(c) That she had no knowledge or reason to believe that the car was being used by Rocco DeBonis for any illegal purpose although the car had been loaned by her to her father.

The question, therefore, resolves itself whether or not such a defense could be considered in a forfeiture proceeding.

At first impression the case of United States v. One Dodge Sedan, 3 Cir., 113 F. 2d 552, seems to support such a theory. That case was a libel for forfeiture; the claimant of the motor vehicle being the wife of the driver, who had been charged with a violation of the Internal Revenue laws and who had been acquitted. The wife offered proof to establish her innocence or lack of knowledge as to the use which her husband had made of the vehicle and which was the basis for her contention that the car could not be forfeited. The matter was tried with a jury who resolved that the car should be forfeited, and refused to accept the claim of innocence as presented by the wife. When an opportunity was taken for more reflected judgment, it is evident that the Government had not offered any objection to proof being offered as to the claim of the wife and apparently the question was not discussed or considered by counsel or the appellate court.

This seems to be true since the Supreme Court and many other circuits and districts refuse to recognize or accept the right of an innocent person to enter a defense to a forefeiture proceeding. It is on the basis that a libel for forfeiture is against the vehicle or the "res" and that the innocence of the owner of the car has no relevancy in passing upon the right of the government to have the forfeiture decreed. United States v. One 1946 Plymouth Sedan, D.C., 73 F.Supp. 88; United States v. One Ford Truck, D.C., 44 F.Supp. 415; United States v. Eliott Hall Farm et al., D.C., 42 F.Supp. 235; Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L. Ed. 279, 47 A.L.R. 1025; United States v. One 1941 Chrysler Sedan, D.C., 74 F.Supp. 97; United States v. One Ford Coach, D. C., 24 F.Supp. 159; Beaudery v. United States, 5 Cir., 79 F.2d 650; United States v. One 1940 Dodge Truck, 5 Cir., 165 F.2d 211; Busic v. United States, 4 Cir., 149 F.2d 794; Various Items of Personal property v. United States, 282 U.S. 577, 581, 51 S.Ct. 21, 75 L.Ed. 731; United States v. Ryan, 284 U.S. 167, 174, 52 S.Ct. 65, 76 L. Ed. 224.

Forfeitures are not favored; they should be enforced only when within both the letter and the spirit of the law. United States v. One 1936 Model Ford V-8 De-Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249.

It is the illegal use of the motor vehicle and that is the material consideration; it is that which works a forfeiture. The guilt or innocence of the owner being accidental. Beaudery v. United States, supra.

The answer in a forfeiture proceeding could be treated as petition for remission. Busic v. United States, supra.

An opportunity has not existed for the Government to offer any proof relative to the knowledge, if any, which either of the

owners of the car might have had as to the use being made by Rocco DeBonis.

Under the circumstances which exist it would be unfair to the Government to treat the answer as a petition for remission of the forfeiture.

The appropriate procedure for the determination of the claim of Anthony De-Bonis is provided in 18 U.S.C.A. § 3617. If a petition is filed for the remission of the forfeiture which is to be entered, the Government and the claimant will then have a full and complete opportunity to establish all facts and circumstances which will have any relevancy in determining whether Amelia Theresa Vince knew or should have known the use to which the vehicle had been made by Rocco DeBonis, and whether Anthony DeBonis was a purchaser in good faith and knew or should have known the use to which the car had been given by Rocco DeBonis.

In view of the foregoing, the Government is entitled to the entry of a forfeiture decree.

The findings which I have made are as if they had been set forth in formal findings of fact and conclusions of law called for in Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.